(No. 3736— )

U. S. INDUSTRIAL ALCOHOL COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

SLOTTOW, LEVITON, PALEY & SHANE, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The claimant, The U. S. Industrial Alcohol Company, a West Virginia corporation, duly licensed as an importing distributor under the Liquor Control Act, has been engaged since 1934 in the manufacture, transportation, importation and sale of non-beverage alcohol to non-beverage users. On or about June 27, 1938, the claimant paid to the Department of Finance of the State of Illinois, a tax in the sum of $6,752.74, involuntarily, and under protest and notice of same.

On the same day the Department of Finance in compliance with Section (2A) of an Act approved June 9, 1911, entitled: "An Act in Relation to the Payment and Disposition of Monies Received for or on behalf of the State," notified the State Treasurer that the sum of $6,752.74, was paid by this claimant under protest. The State Treasurer placed

said sum of money in the special fund known as the "protest fund."

On July 21, 1938 claimant filed its complaint in chancery in the Circuit Court of Sangamon County against S. L. Nudelman, the then acting Director of Finance of the State of Illinois, and John C. Martin the then acting State Treasurer of the State of Illinois, and others, praying for a temporary injunction restraining the said Nudelman, as Director of Finance and the said Martin, as State Treasurer from transferring the said sum of $6,752.74 from the "protest fund" in the State Treasurer's office to the appropriate fund or funds to which it would have been placed if the same had not been paid under protest and further prayed that said injunction be made permanent upon a hearing of said cause and that the said Nudelman and Martin be required to account to the claimant for the said sum of money and be required to return or pay over to claimant said sum so paid as aforesaid.

On July 25, 1938 the Circuit Court of Sangamon County, entered an order that the Writ of Temporary Injunction be issued against the defendants, Nudelman and Martin as in said complaint prayed.

On June 3, 1940, the said Circuit Court of Sangamon County entered a final decree in said cause making the temporary injunction permanent, a part of said decree being in words and figures as follows:

"The alcohol sold by the plaintiff for which the Department of Finance claimed that a tax was due, and which tax was paid by the plaintiff was what is known as absolute alcohol, 190 proof or 95% alcohol, and 188 proof or 94% alcohol, and was incapable of being used for beverage purposes. Said alcohol was sold by the plaintiff to non-beverage users purely for industrial or mechanical purposes, and therefore was not within the provisions of the Liquor Control Act, as originally enacted, and is not now subject to the imposition of a tax on the sale thereof, as claimed by the Department of Finance of the State of Illinois. . . ."

"The defendants, Nudelman, as Director of Finance for the State of Illinois and Louie E. Lewis as State Treasurer of the State of Illinois do account to and pay over to the plaintiff forthwith the said sum of $6,752.74, so received by the Department of Finance from the plaintiff and deposited with the State Treasurer in the special 'protest fund.'"

On June 6, 1940 the defendants S. L. Nudelman as Director of Finance, and Louie E. Lewis, as State Treasurer of the State of Illinois (who by appropriate amendment had been substituted as a party defendant) appealed from the decree of

the Circuit Court of Sangamon County to the Supreme Court of Illinois.

On December 16, 1940, the Supreme Court filed its opinion in said cause, (said opinion being reported in Volume 375 of the Illinois Supreme Court Reports at page 342 thereof) affirming said decree. The Supreme Court in this opinion construed Section (1) of Article (8) of the Liquor Control Act as follows:

"The intention of the legislature, apparent in the language of the Act and from surrounding circumstances, precludes from application of the tax any transactions concerning alcohol incapable of use as a beverage. The expressed objects of the enactment are the fostering of temperance in the consumption of alcoholic liquors, and the protection of the health, safety and welfare of the people. Although alcohol, not expressly restricted in meaning, is included in its definition, alcoholic liquor is clearly limited to beverages. The specific exceptions from the entire act, as well as from the tax, are non-beverages, and a license is required only of those handling alcoholic liquor for purposes of consumption. While alcohol is not in its definition limited to beverage use, yet if admittedly not potable, and to be used solely for industrial or mechanical purposes, it is not within the expressed objects of the Act . . . the alcohol sold by plaintiff being incapable of any beverage use was not subject to taxation under Section (1) of Article (8) of the Act as it obtained prior to July 1, 1934. . . . The decree of the Circuit Court of Sangamon County is affirmed."

On February 24, 1942, the claimant served a written demand for the return of $6,752.74, on George B. McKibbin, Director of Finance of the State of Illinois and Warren Wright, Treasurer of the State of Illinois, reciting the terms of the decree of the Circuit Court of Sangamon County as affirmed by the Supreme Court of Illinois, a copy of said demand being made a part of this record, but the said George B. McKibbin, and Warren Wright were unable to, and are still unable, to comply with said demand. On August 17, 1942 the said Warren Wright filed a statement in this court in which he reported:

"According to the records of this office the Director of the Department of Finance did, on July 20, 1938, deposit with the State Treasurer the sum of $6,752.74, said sum to be held in the Protested Fees Fund for the account of The U. S. Industrial Alcohol Company. Further the records of this office show that on August 31, 1938, this sum was transferred to the General Revenue Fund."

It is to be seen from the above report of Treasurer Wright that the said Nudelman and the said Martin, in utter disregard and in violation of the terms of said Writ of Injunction issued out of the Circuit Court of Sangamon County

329

restraining said Nudelman and Martin from transferring said sum of money out of the "protest fund," did within a few days after the issuance of said writ transfer said sum of money from the "protest fund" to the General Revenue Fund without proper authority and in violation of the legal rights of this claimant. For this reason the said McKibbin and Wright were unable to refund to claimant the sum of money demanded. This unlawful action on the part of the aforesaid Nudelman and Martin has compelled the claimant to file its claim in this court.

Where money is paid under protest, and proceedings are instituted in a court of general jurisdiction to restrain officers of the State from paying the same into the State treasury, upon which injunction so restraining payment is issued, an award for refund will be made where said State officer, having notice of such injunction pays the amount into the State treasury.

*Southern Kraft Corp.* vs. *State,* 9 C. C. R. 306.

This claimant not only seeks an award for the tax paid to said Department of Finance, but seeks a further award at the legal rate of interest on said sum of money from the 3rd day of June 1940, to the date of this award.

The State is not liable for the payment of costs or interest in the absence of a statute subjecting it to such liability and in this State there is no such statute.

*Southern Kraft Corp.* vs. *State,* Supra.
*Phillipps Petroleum Corp.* vs. *State,* 10 C. C. R. 319.
*Phillipps Petroleum Co.* vs. *State,* 8 C. C. R. 198.

This court regrets its inability to award interest to the claimant.

An award is therefore entered in favor of claimant, The U. S. Industrial Alcohol Company, a Corporation, in the sum of $6,752.74.